
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 21-01511-DOC-KES        Date: November 9, 2021

Title: WALTER GUZMAN V. RICH PRODUCTS CORPORATION

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE TO STATE COURT [9]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 9) brought by Plaintiff Walter Guzman ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Orange County Superior Court.

I.    **Background**

     A.    **Facts**

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1-3). This action concerns Plaintiff Walter Guzman's ("Plaintiff") employment as a baker with Defendant Rich Products Corporation ("Defendant"). Compl. ¶ 7. Plaintiff alleges that, during his employment, he was not paid proper overtime wages, not permitted to take all required meal and rest periods, and received inaccurate wage statements. *Id*. ¶¶ 7-11. Plaintiff was terminated from his job on June 13, 2019. *Id*. ¶ 13. Plaintiff alleges his termination was unlawful because it was done in retaliation after Plaintiff complained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01511-DOC-KES                                                Date: November 9, 2021
                                                                                                            Page 2

about Defendant's employment practices and, at least in part, may have been motivated by Plaintiff's Mexican American heritage. *Id*. ¶¶ 13-14.

### B. Procedural History

Plaintiff originally filed suit in the Orange County Superior Court on February 12, 2020. *See generally* Compl. Defendant removed the case to this Court for the first time on March 3, 2021, but this Court remanded the matter back to state court on June 29, 2021. *See generally* Order Remanding the Case ("First Remand Order") (Case No. 8:21-cv-00404-DOC-KES, Dkt. 16).

On September 13, 2021, the Defendant once again removed the case to this Court. Second Notice of Removal (Dkt. 1). Plaintiff filed his Motion to Remand on October 14, 2021 (Dkt. 9). Defendant opposed the Motion on October 25, 2021 ("Opp'n") (Dkt. 12).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-01511-DOC-KES                                                                 Date: November 9, 2021
                                                                                                                      Page 3

"legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01511-DOC-KES	Date: November 9, 2021
	Page 4

### III. Discussion

Defendant argues that this Court has diversity jurisdiction in this action. *See generally* Second Notice of Removal. In their notice of removal, Defendant argues that because Plaintiff seeks to recover at least 100,000 for his wrongful termination claim, Plaintiff has satisfied the amount in controversy requirement. *Id.* at 7. The Court disagrees.

Plaintiff seeks recovery under two theories: wage and hour and another regarding wrongful termination. *See* Mot. at 8. In its previous Order, the Court already determined that the Plaintiff only has approximately $51,000.00 in wage and hour claims. First Remand Order at 5.

As to Plaintiff's wrongful termination claim, Defendant solely points to Plaintiff's supplemental discovery response, which states "Plaintiff will seek at least $100,000 for his wrongful termination claim, although the amount will be determined by the jury." Second Notice of Removal at 7. However, merely eliciting a response of what Plaintiff *may seek* in terms of damages does not meet Defendant's burden. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional threshold]."). Beyond Plaintiff's vague assertion as to what it may potentially seek for damages, Defendant makes no showing of why it is "more likely than not" that the amount in controversy exceeds the statutory minimum." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). Defendant offers no calculations to support $100,000 damages for the wrongful termination claim. As such, "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090–91.

### IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11	Initials of Deputy Clerk: djl

CIVIL-GEN